657 So.2d 27 (1995)
ST. JOE PAPER COMPANY and St. Joseph Land and Development Company, Appellants,
v.
DEPARTMENT OF COMMUNITY AFFAIRS, 1000 Friends of Florida and Bob White, Appellees.
No. 92-4063.
District Court of Appeal of Florida, First District.
June 12, 1995.
Rehearing Denied July 26, 1995.
Fred H. Kent, Jr. of Kent, Hayden, Facciolo & McMorrow, Jacksonville, for appellants.
Kenneth D. Goldberg and David J. Russ of Dept. of Community Affairs, Tallahassee, for appellee Dept. of Community Affairs.
Richard Grosso, Tallahassee, for appellees 1000 Friends of Florida and Bob White.
ALLEN, Judge.
The appellants challenge a final order by which the Administration Commission (the Commission) determined that a comprehensive plan adopted by Walton County was not in compliance with the requirements of chapter 163, Florida Statutes. This order was entered after an administrative hearing in which the appellee 1000 Friends of Florida was allowed to intervene. We conclude that 1000 Friends should not have been allowed to participate as an intervenor, and that this was a material error in procedure which may have impaired the fairness of the proceeding.
*28 The administrative hearing was held pursuant to section 163.3184(10)(a), Florida Statutes, which identifies the parties to the proceeding as including "any affected person who intervenes." Section 163.3184(1)(a) defines "affected person" to include "persons owning property, residing, or owning or operating a business within the boundaries of the local government" which adopted the plan. The appellants challenged 1000 Friends' intervention below, arguing that 1000 Friends did not satisfy the statutory definition of an affected person.
In allowing intervention, the hearing officer indicated that 1000 Friends had members residing in Walton County. There was no evidence to support this finding, and the Commission did not rely on this theory. Instead, the Commission construed the statutory definition as a nonexclusive listing, and adopted an expansive interpretation so as to afford broad public participation in the review process. Noting that 1000 Friends had participated in the local planning process by commenting on the proposed plan and attending public hearings, the Commission concluded that this was a sufficient basis upon which to grant 1000 Friends standing to intervene.
The hearing pursuant to section 163.3184(10)(a) is a section 120.57, Florida Statutes proceeding. Participation in a section 120.57 proceeding ordinarily requires that one's substantial interests be impacted in a way which produces injury of a type which the proceeding is designed to protect, and in a manner beyond the injury which might be sustained by the general public. See Grove Isle v. Bayshore Homeowners Association, 418 So.2d 1046 (Fla. 1st DCA 1982), rev. denied, 430 So.2d 451 (Fla. 1983); Agrico Chemical v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 1st DCA 1981), rev. denied, 415 So.2d 1359 and 415 So.2d 1361 (Fla. 1982). Section 163.3184(1)(a) provides a more expansive definition of an affected person who may participate in the section 120.57 proceeding held pursuant to section 163.3184(10)(a). The Commission would further expand the statutory definition in the present case, and would do so without appropriate legislative guidance.
Although the Commission refers to the broad statement of legislative intent to encourage the fullest public participation in the comprehensive planning process, as recited in section 163.3181(1), Florida Statutes, this legislative edict is made in connection with a statutory directive for local governmental units to adopt procedures to ensure such participation. Section 163.3184(7) further requires the local government to review written comments submitted by any person. By contrast, however, section 163.3184(10)(a) specifies that a person must be an "affected person" in order to participate in the section 120.57 proceeding.
By suggesting that 1000 Friends qualified as an affected person because it had participated in the local planning process, the Commission failed to accord proper effect to the requirement in section 163.3184(1)(a) that the described persons (apart from an adjoining government) must have submitted comments or objections during the local process. Such participation is an additional statutory requirement, rather than an independent basis by which one may qualify as an affected person. While an agency's interpretation of a statute which it administers may ordinarily be accorded deference, such an interpretation must comport with the pertinent legislation and may not vitiate a portion of the statute. See Palm Harbor Special Fire Control District v. Kelly, 516 So.2d 249 (Fla. 1987). The Commission's unilateral expansion of section 163.3184(1)(a) does not accord with the statutory catalog of affected persons, which appears to be a comprehensive listing and which should not be altered without clear authorization and direction from the legislature.
1000 Friends asserts that it nevertheless qualified as an affected person operating a business within the boundaries of the local government. The Commission did not predicate 1000 Friends' standing on this theory, but 1000 Friends notes that it did participate in the local planning process and that such involvement is within the declared purpose for its corporate existence. In this context, such participation may constitute a business *29 activity. But the section 163.3184(1)(a) definition is not satisfied merely by conducting some business activity in connection with the comprehensive planning process, as the statute specifies that one must be "owning or operating a business within the boundaries of the local government" to qualify as an affected person in this regard. Even though representatives of 1000 Friends physically appeared in Walton County during the local planning process, such incidental and transient presence does not suffice under section 163.3184(1)(a). Rather, the statute contemplates a more substantial local nexus, of a type which might make the business potentially subject to the constraints of the local comprehensive plan. 1000 Friends' involvement in the planning process does not meet this standard, and does not qualify as the operation of a business within the county, as contemplated by section 163.3184(1)(a).
1000 Friends also asserts that any error in allowing it to intervene was harmless, based on 1000 Friends' alignment with the Department of Community Affairs on one side of the proceeding, and 1000 Friends' attorney's representation of another similarly aligned party. Although the aligned parties may have shared a community of interest and arguably joined in the presentation of certain evidence, the record does not clearly indicate that the same evidence would necessarily have been received without 1000 Friends' participation. Such participation was a material error in procedure which thus may have impaired the fairness of the proceeding, so as to warrant relief under section 120.68(8), Florida Statutes.
The order is set aside and the case is remanded.
DAVIS, J., and SMITH, Senior Judge, concur.